Tyler B. Ayres, Bar No. 9200
Daniel Baczynski, Bar No. 15530
AYRES LAW FIRM
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555
Tyler@AyresLawFirm.com
Daniel.ayreslaw@gmail.com
Attorneys for Plaintiff and Class

---

## THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

---

| | |
|---|---|
| Nichole K. Gunther,<br><br>On behalf of Gunther and Class,<br><br>vs.<br><br>Midland Credit Management, Inc, and<br>Midland Funding, LLC,<br><br>Defendant. | **COMPLAINT AND**<br>**JURY DEMAND**<br><br>Case No:<br><br>Judge: |

Nichole K. Gunther, by and through her attorney, for her Complaint against Defendants, Midland Credit Management, Inc, and Midland Funding, LLC. and demand for a jury trial, states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over all civil matters committed in the State of Utah, therefore jurisdiction is proper pursuant to Utah Code Ann § 78A-5-102(1).

2. Venue is proper before this Court because Defendants' collection efforts were received by Gunther within this County and Defendants transact business within this County.

3. Defendants are subject to personal jurisdiction because the Defendants have regularly transacted business in the State.

## PARTIES

4. Gunther  Nicole (Gunther) is an individual who resides in Cottonwood Heights, Utah.

5. Defendant Midland Funding, LLC, (Midland Funding) is a limited liability company with its registered agent located at 2900 SW Wanamaker Drive, Suite 204, Topeka, KS 66614. Midland Funding regularly transacts business within the State of Utah.

6. Defendant Midland Funding's business is to acquire debts in default and then pursue collection of the debts, directly or indirectly, through instrumentalities of interstate commerce or the mails.  Any debt of Gunther that Midland Funding alleges it acquired was in default when Midland Funding acquired it.

7. Midland Funding is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a (6). Midland Funding was the principal for Midland Credit as an agent.

8. Defendant Midland Credit Management, Inc., (Midland Credit) is a Kansas Corporation with its registered agent located at 2900 SW Wanamaker Drive, Suite 204, Topeka, KS 66614.Midland Credit regularly transacts business within the State of Utah.

9.  Midland Credit is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6). The principal purpose of Midland Credit is the collection or attempt to collect debts, directly or indirectly, owed or due or asserted to be owed or due to another. Midland Credit uses instrumentalities of interstate commerce of the mails in its business.

10. None of the exceptions to the term "debt collector" under the FDCPA apply to Midland Funding or Midland Credit.

2

11. The alleged debt that Midland Credit sought to collect from Gunther was in default when it began its collection efforts on behalf of Midland Funding.

12. Midland Credit was acting as the agent of Midland Funding in communicating with Gunther.

## GENERAL ALLEGATIONS

13. Gunther applied for and acquired a Target National Bank account.

14. Gunther made purchases on the Target National Bank account, resulting in an outstanding balance.

15. Any purchase was primarily for a personal, family, or household purpose.

16. The last date of any purchases or payments on the account was prior to 2013.

17. At some point after the alleged debt was in default, Target National Bank allegedly transferred Gunther's account to Midland Funding.

18. Midland Funding is engaged in the business of purchasing or acquiring, or claiming to purchase or acquire, defaulted debts originally owed to others and incurred for personal, family, or household purposes.

19. After acquiring these debts, Midland Funding then attempts to collect the purchased debts directly or indirectly through collection agencies such as the Defendant Midland Credit. Midland Credit acts at the direction and under the control of Midland Funding as Midland Funding's agent.

20. Midland Credit began collection efforts on behalf of Midland Funding against Gunther for an alleged outstanding balance on the Target National Bank account.

21. On February 23rd, 2017, Midland Credit sent Gunther a collection letter (Exhibit A) regarding the alleged outstanding balance on Gunther's Target National Bank account.

22. Through Exhibit A, Defendants sought to collect an alleged debt incurred primarily for a personal, family, or household purpose.

23. Exhibit A was the first letter Gunther received from Midland Credit concerning the alleged debt referred to therein.

24. The debt Defendants sought to collect in Exhibit A is time-barred.

25. On information and belief, Exhibit A is a form letter that Defendant Midland Credit uses as the initial letter it sends to consumers on behalf of Midland Funding.

26. The statute of limitations on a credit card bill in Utah is four years. Under Utah law collectors such as Midland Credit or Midland Funding may only take assignments of debts for collections if the debt is not time barred. See UT ST § 12-1-8 ("Any collector having complied with the provisions of this chapter, may receive accounts, bills or other indebtedness, take assignments for the purpose of collections, and at the direction of the assignor bring suit as assignee, provided however, that all accounts shall be within the statute of limitations as provided by law."). The Defendants took an assignment of Gunther's alleged debt when it was time barred.

27. Since the assignment to Midland Funding was invalid under Utah law, Midland Funding did not have any right to collect any amount from Gunther.

28. Since Midland Funding did not have a valid assignment, Midland Credit had no right to collect any amount from Gunther.

29. The representations made in Exhibit A concerning the character, amount, or legal status of any debt were false.

30. The Defendants used the false representations in an attempt to collect a debt from the Gunther.

31. Nothing in Exhibit A disclosed that any payment on the debt would result in the revival or tolling of the debt's statute of limitations.

32. On information and belief, it is the policy and practice of Target National Bank to sell or assign accounts of Utah residents that are time barred.  Defendants are well aware of Target National Bank's practice and take advantage of it because they can purchase time barred debts at a greater discount. Midland Funding acquires the alleged debts at pennies on the dollar.

33. Upon information and belief it is the policy of the Defendants Midland Credit and Midland Funding to take assignments of time barred debts of Utah residents and then send letters seeking to collect the time-barred debts that do not disclose the fact that the debts are time-barred.

34. It is the policy and practice of Defendants Midland Credit and Midland Funding to send letters seeking to collect time-barred debts of Utah residents that do not disclose that any voluntary payment of the debt may revive or toll the statute of limitations.

35. Defendants' policies and practices above are unfair or deceptive practices.

36. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations… When a collector tells a consumer that she owes money and demands payment, it may create the

misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/assets.shtm). The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (for the Federal Trade Commission) v. Asset Acceptance, LLC*, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

### FIRST CLAIM FOR RELIEF
*Violation of the FDCPA*
*Individual and Class Claim*

37. Gunther incorporates by reference all preceding paragraphs.

38. Defendants engaged in unfair and deceptive acts and practices in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f, by dunning consumers on time-barred debts without disclosure of that fact.

39. Defendants engaged in unfair and deceptive acts and practices in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692f  by taking assignments of time barred debt for collection in violation of Utah law.

40. Section 1692e provides:

**§1692 e.        False or Misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…**

**(2) The false representation of—**

**(A) The character, amount, or legal status of any debt;…**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…**

41.   Section 1692f provides:

**§ 1692f.        Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt…**

**SECOND CLAIM FOR RELIEF**
*Violation of the Utah Consumer Sales Practice Act*
*Individual and Class Claim*

42. Gunther incorporates by reference all preceding paragraphs.

43. The Utah Consumer Salts Practices Act is to be construed liberally to protect consumers from suppliers who commit deceptive and unconscionable sales practices and to protect suppliers who in good faith comply with the provisions of this act. UTA § 13-11-2 (2) and (6).

44. Defendants Midland Funding and Midland Credit's dunning actions to collect debts not legally assigned to them or failing to disclose that a voluntary payment may revive or toll the statute of limitations is a deceptive practice designed to take advantage of consumers who may not know that the debt claimed by Midland Credit and Midland Funding is not legally enforceable or due to them.  Defendants do not disclose these material facts when they send out dunning letters to consumers such as the Gunther and other class members.

45. Defendants also receive an unfair advantage over other suppliers who follow the law and either go to the cost and expense of screening debts outside the statute of limitations or do not dun consumers if the debt is no longer enforceable.

46. Defendants engage in these activities knowingly and intentionally to harm consumers and gain an advantage over its competitors.

47. Gunder seeks a declaration on her individual behalf and on behalf of the Gunther class that Defendants may not engage in debt collections for debts allegedly owed after the statute of limitations on those debts has run.

48. Gunder seeks a declaration on her individual behalf and on behalf of the Gunther class that Defendants may not retain amounts they collected through dunning efforts on debts allegedly owed after the statute of limitations on those debts has run.

49. Gunder is further entitled to statutory damages of $2,000 or her actual damages (whichever is greater) under the Utah Consumer Sales Practice Act.

50. Gunder has suffered emotional distress as a result of the dunning committed by Defendants.

51. Defendants' dunning has caused Gunder anxiety and distress that has resulted in physical manifestations.

## CLASS ALLEGATIONS

52. Gunther brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

53. The "FDCPA Class" consists of (a) all individuals in Utah (b) to whom Midland Funding or Midland Credit (c) sent a letter seeking to collect a debt (d) which debt was assigned to Midland Funding after it was barred by the statute of limitations or an obligation on which

8

the last payment had been made more than four years prior to the letter (e) which letter was sent within the one (1) year period immediately preceding the filing of this complaint.

54. The "Utah Class" consists of a) all individuals in Utah (b) to whom Midland Funding or Midland Credit (c) sent a letter seeking to collect a debt (d) which debt was assigned to Midland Funding after it was barred by the statute of limitations or an obligation on which the last payment had been made more than four years prior to the letter (e) which letter was sent within the two (2) year period immediately preceding the filing of this complaint.

55. On information and belief, the classes are so numerous that joinder of all members in not practicable. The information relating to the precise number of persons who fall within the respective classes is within the control of the Defendants.

56. There are questions of law and fact common to the members of each class, which common questions predominate over any questions relating to individual class members. The predominant common questions are (a) whether defendants took an assignment of time barred debt or attempted to collect time-barred debts without disclosures that payments of any amounts may revive the running of or toll the statute of limitations; (b) whether such practice violates the FDCPA; and (c) whether such practices violate the Utah Consumer Sales Practices Act or UT ST § 12-1-8.

57. Gunther's claim is typical of the claims of the respective class members. All are based on the same factual and legal theories.

58. Gunther will fairly and adequately represent the members of each class. Gunther has retained counsel experienced in consumer class actions and FDCPA litigation.

59. A declaration of law and injunctive relief is appropriate for the members of the Utah Class.

60. A class action is superior for the fair and efficient adjudication of the claims of the FDCPA class, in that:

    a.   Individual actions are not economically feasible;

    b.   Members of the class are likely to be unaware of their rights;

    c.   Congress intended class actions to be an enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Gunther and the class members and against defendants for:

    (1)  Certify the FDCPA Class and appoint Gunther as the class representative and her counsel as class counsel;

    (2)  Certify the Utah Class and appoint Gunther as the class representative and her counsel as class counsel;

    (3)  Award the FDCPA Class statutory damages and actual damages consisting of any amount collected by the Defendants;

    (4)  Grant the Utah Class declaratory and injunctive relief against Defendants to stop Defendants from harming consumers and providing them with an unfair advantage over its competitors by engaging in collection efforts for debt not legally owed to it; including a preliminary and permanent injunction;

//

//

//

//

(5) Award Gunther her actual or statutory damages in an amount to be determined at trial;

(6) Attorney's fees, litigation expenses, and cost of suit; and

(7) Such other and further relief as the Court deems proper

DATED this 24th day of May 2017.

AYRES LAW FIRM


/s/     Daniel Baczynski
Attorneys for Plaintiff and Class